IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROY EVANS, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 13-00182-CG-B |
| | * |
| ANKOR ENERGY, LLC., *et al.*, | * |
| | * |
| Defendants. | * |

## Report and Recommendation

This action is before the Court on Defendant Wood Group Production Services, Inc.'s Motion to Dismiss Plaintiff's Complaint. (Doc. 1-1 at 71). Subsequent to the filing of Defendant's motion, Plaintiff filed an amended complaint. (Doc. 1-1 at 73). Because Plaintiff's original complaint is a pleading "to which a responsive pleading is required," Plaintiff had the right to amend it — "as a matter of course" — "21 days after service of a motion under Rule 12(b)". FED. R. CIV. P. 15(a)(1)(B). Thus, his amended complaint, which was filed one day after Defendant's motion, was timely under Rule 15(a)(1)(B). Because Plaintiff's amended complaint is now the operative pleading in this action; Defendant Wood Group Production Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 1-1 at 71) should be denied as moot. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a

general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary") (quoting <u>Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager</u>, 463 F.3d 1210, 1215 (11th Cir.2006)); <u>see</u> <u>DeSisto College, Inc. v. Line,</u> 888 F.2d 755, 757-758 (11th Cir. 1989) (acknowledging the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint).

Accordingly, the undersigned recommends that Defendant Wood Group Production Services, Inc.'s Motion to Dismiss (Doc. 1-1 at 71) be denied as moot.

**DONE** this **17th** day of **April, 2013.**

                                           **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments

---

[1]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).

3

> that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.